UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

IN THE MATTER OF AN APPLICATION
FOR A SEARCH WARRANT FOR

THE PREMISES KNOWN AND DESCRIBED AS:

USPS PRIORITY MAIL EXPRESS TRACKING NUMBER EL 895 481 854 US. RETURN ADDRESS: GORDON XIE, 1534 W 8 STREET, BROOKLYN, NY 11204. ADDRESSED TO: JEFFREY CHIU, 2269 CHESTNUT ST # 149, SAN FRANCISCO, CA 94123. (**"SUBJECT PARCEL 1"**)

USPS PRIORITY MAIL EXPRESS TRACKING NUMBER EL 895 481 868 US. RETURN ADDRESS: GORDON XIE, 1534 W 8 STREET, BROOKLYN, NY 11204. ADDRESSED TO: WAYNE WONG, 77 VAN NESS AVE #1828, SAN FRANCISCO, CA 94102. (**"SUBJECT PARCEL 2"**)

USPS PRIORITY MAIL EXPRESS TRACKING NUMBER EL 607 484 327 US. RETURN ADDRESS JASON SOTO, 62 NORWOOD AVE, 11208. ADDRESSED TO: JOHN CHO, 301 PAUL AVE, SAN FRANCISCO, CA 94124. (**"SUBJECT PARCEL 3"**)

AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT

(21 U.S.C. §§ 841(a)(1) and 846)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

      Ryan Elliott, being duly sworn, deposes and states that he is a Postal Inspector with the United States Postal Inspection Service ("USPIS"), duly appointed according to law and acting as such.

      Upon information and belief, there is probable cause to believe that, presently concealed within THE PREMISES KNOWN AND DESCRIBED AS (collectively, **"THE SUBJECT PARCELS"**):



USPS PRIORITY MAIL EXPRESS TRACKING NUMBER EL 895 481 854 US. RETURN ADDRESS: GORDON XIE, 1534 W 8 STREET, BROOKLYN, NY 11204. ADDRESSED TO: JEFFREY CHIU, 2269 CHESTNUT ST # 149, SAN FRANCISCO, CA 94123. (**"SUBJECT PARCEL 1"**)

USPS PRIORITY MAIL EXPRESS TRACKING NUMBER EL 895 481 868 US. RETURN ADDRESS: GORDON XIE, 1534 W 8 STREET, BROOKLYN, NY 11204. ADDRESSED TO: WAYNE WONG, 77 VAN NESS AVE #1828, SAN FRANCISCO, CA 94102. (**"SUBJECT PARCEL 2"**)

U.S.P.S. PRIORITY MAIL EXPRESS TRACKING NUMBER EL 607 484 327 US. RETURN ADDRESS JASON SOTO, 62 NORWOOD AVE, 11208. ADDRESSED TO: JOHN CHO, 301 PAUL AVE, SAN FRANCISCO, CA 94124. (**"SUBJECT PARCEL 3"**)

are controlled substances and currency which constitute evidence of violations of Title 21, United States Code, §§ 841(a)(1) and 846.

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been a Postal Inspector with USPIS for approximately four-and-a-half years after completing a 12 week training academy. I currently serve on the Prohibited Mail/Narcotics team and I have received an additional 40 hours of training relating to narcotics trafficking in the United States Mail. In this capacity, I have participated in narcotics investigations, including the execution of search warrants and narcotics seizures. I am familiar with the facts and circumstances of this investigation from my personal participation in the investigation and from information obtained from other law enforcement agents.

---

[1] Because this affidavit is submitted for the limited purpose of establishing probable cause for a search warrant, I have not set forth each and every fact learned during the course of the investigation.

2.      Prior investigations and trafficking intelligence have demonstrated that United States Priority Mail Express and Priority Mail have become methods of choice for narcotics dealers for the transportation of narcotics and narcotics proceeds. Prior investigations have also revealed that United States Priority Mail Express and Priority Mail parcels of controlled substances destined for delivery in the New York area often originate from specific source locations, including California, and that payment for such controlled substances – drug proceeds – often in the form of cash, are sent back to those source locations using United States Priority Mail Express and Priority Mail.

3.      On or about January 9, 2018, during a routine interdiction operation SUBJECT PARCEL 1 and SUBJECT PARCEL 2 were identified as suspicious based on several factors and were removed from the mail stream at the United States Postal Service International Service Center in Jamaica, New York. On or about January 10, 2018, during a routine interdiction operation, SUBEJCT PARCEL 3 was removed from the mail stream at the United States Postal Service International Service Center in Jamaica, New York. THE SUBJECT PARCELS were brought to USPIS offices for investigation.

4.      SUBJECT PARCEL 1 and SUBJECT PARCEL 2 are white USPS Priority Mail Express Flat Rate Envelopes measuring 12.5" x 9.5," and each weighs approximately 7 ounces. SUBJECT PARCEL 1 and SUBJECT PARCEL 2 bear the return address of "Gordon Xie, 1534 8 St, Brooklyn, NY 11204."

5.      SUBJECT PARCEL 1 and 2 were mailed from the same United States Post Office in Brooklyn, New York, in the same transaction. Based on my training and experience, I know that narcotics traffickers often split narcotics proceeds in different parcels to avoid detection by law enforcement, as well as to minimize their losses in the event the

3

proceeds are discovered by law enforcement. SUBJECT PARCEL 1 is addressed to "Jeffrey Chiu, 2269 Chestnut Street, San Francisco, CA 94123." A search of law enforcement databases found that a "Jeffrey Chiu" is not associated with the delivery address. Based on my training and experience, I know that the use of fictitious names is a common tactic of narcotics traffickers in order to conceal their identities and avoid detection by law enforcement.

6. SUBJECT PARCEL 2 is addressed to "Wayne Wong, 77 Van Ness Ave # 1828, San Francisco, CA 94102." A search of a law enforcement database found a previous seizure by the USPIS of a large quantity of U.S. currency from a mail parcel sent from the New York City area to "77 Van Ness Ave # 1828, San Francisco, CA 94102."

7. SUBJECT PARCEL 3 is a brown cardboard box measuring approximately 10" x 15" x 5" and weighing approximately 4 pounds and 5 ounces. SUBJECT PARCEL 3 bears the return address of "Jason Soto, 62 Norwood Ave, 11208," and bears the phone number "(718)-708-3976." A search of a law enforcement database found that the name "Jason Soto" does not associate to that address. SUBJECT PARCEL 3 is addressed to "John Cho, 301 Paul Ave, San Francisco, CA 94124," and bears the phone number "(415)-810-0125." A search of a law enforcement database found that the name "John Cho" does not associate to that address. As noted above, based on my training and experience, I know that the use of fictitious names is a common tactic of narcotics traffickers in order to conceal their identities and avoid detection by law enforcement.

8. On or about January 11, 2018, I met with Police Officer Frank Aresta, a certified narcotics detection canine handler with the New York New Jersey Port Authority Police Department. Officer Aresta exposed the SUBJECT PARCELS to his trained canine, "Cedo," for exterior inspection and review. Cedo reacted to the SUBJECT PARCELS, each

4

separately and distinctly, by biting and scratching. Officer Aresta informed USPIS that the canine's reaction to the SUBJECT PARCELS indicated a positive alert for the presence of controlled substances.[2]

9. The SUBJECT PARCELs are presently in the custody of the USPIS in Jamaica, New York.

10. Based on the facts recited above, there is probable cause to believe that the SUBJECT PARCELS contain either controlled substances, the proceeds thereof, or both.

11. WHEREFORE, your affiant respectfully requests that a warrant be issued authorizing USPIS inspectors, with such other assistance as may be necessary, to open the SUBJECT PARCELS and to search for and seize controlled substances and currency, all

---

[2] I am informed by Cedo's handler, that Cedo originally certified as a narcotics detection canine after completing certification with the Port Authority NY/NJ K9 Academy in August 2008. Cedo was certified to detect the odors of marijuana, cocaine, heroin, ecstasy, methamphetamines, and their derivatives. Since that time, Cedo has received numerous hours of training and has been utilized regularly for the purpose of detecting narcotic odors. Cedo has been involved in over numerous search warrants and has made numerous positive identifications. During Cedo's training, and in order to be certified, he is subjected to numerous objects both containing and not containing narcotics. He is trained to differentiate and to give a positive indication if he detects the odors of narcotics. Cedo's last re-certification with Port Authority NY/NJ K9 was completed in August of 2017. He is routinely used to conduct searches of automobiles, residences, packages and suitcases. Cedo will positively alert his handler to the presence of the odor of marijuana, cocaine, heroin, ecstasy, methamphetamines, and their derivatives and narcotics-tainted U.S. currency. He has successfully given positive indications of narcotics in the field in the past and generally has proven reliable in the field. Therefore, there is probable cause to believe that Cedo is reliable and that the SUBJECT PARCELS contain a controlled substance or its residue.

of which constitute evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 846, proceeds, or both.

_____
Ryan Elliott
Postal Inspector, USPIS

Sworn to before me this
16th day of January, 2018

s/Pollak

_____
THE H                    )LLAK
UNITE                    UDGE
EASTE                    RK